**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-4194**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DARRIUS RASHARD JONES,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:16-cr-00309-D-1)

———————

Submitted:  May 8, 2024                      Decided:  August 7, 2024

———————

Before RICHARDSON and BENJAMIN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After serving a prison term of 12 months and 1 day—a sentence resulting from a downward variance from the Sentencing Guidelines' advisory imprisonment range of 21 to 27 months—following his conviction for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924, Darrius Rashard Jones began service of a 3-year term of supervised release. Before expiration of that term, Jones tested positive following urinalysis for methamphetamine and marijuana but was continued on supervision to allow him to engage in drug treatment. Jones' probation officer later petitioned the district court to revoke his supervised release, alleging he had violated the conditions of his supervision by: (1) absconding from supervision; (2) failing to participate in urinalysis testing on 14 occasions; and (3) failing to participate in a substance abuse treatment program due to his lack of attendance. Jones admitted all three violations, and the district court revoked his supervised release and sentenced him to the statutory maximum of 24 months' imprisonment. On appeal, Jones argues that this sentence is substantively unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* Before deciding "whether a revocation sentence is plainly unreasonable, [we] must first determine whether the sentence is procedurally or substantively unreasonable." *Id.*

2

"A [supervised release] revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the [district] court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *Id.* (internal quotation marks omitted). "Only if we find a revocation sentence unreasonable do we consider whether it is plainly so, relying on the definition of plain used in our plain error analysis—that is, clear or obvious." *United States v. Slappy*, 872 F.3d 202, 208 (4th Cir. 2017) (cleaned up). "If a revocation sentence—even an unreasonable one—is not plainly unreasonable, we will affirm it." *Id.* (internal quotation marks omitted).[*]

We conclude that Jones' revocation sentence is substantively reasonable. Although the district court imposed a sentence at the statutory maximum, it expressly noted Jones' many breaches of trust while on release, the egregiousness and seriousness of those breaches, Jones' unwillingness to take advantage of the leniency he had received and to be deterred in his behavior, and his blatant disregard for the law. *See* 18 U.S.C. §§ 3553(a)(1), (2)(B), 3583(e); U.S. Sentencing Guidelines Manual ch. 7, pt. A, introductory cmt. 3(b)

---

[*] Although Jones does not challenge the procedural reasonableness of his sentence, we must "review the sentence for procedural reasonableness *before* addressing whether it is substantively reasonable," even if the parties do not address the matter in their briefs. *United States v. Provance*, 944 F.3d 213, 215, 218 (4th Cir. 2019). We have reviewed the record and found no plain procedural error.

("[A]t revocation the [district] court should sanction primarily the defendant's breach of trust.").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4